IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| LISA SOUTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-4032-CV-W-HFS |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM TO COUNSEL**

An early statement of my impressions and intentions may be useful, even though a formal ruling on the motion for a preliminary injunction may be delayed until close to or soon after the September 1 date on which construction might begin.

The most obvious impediment to legal relief is the nonexistence of any current problem facing the inmate witnesses. I would expect to rule any motion for summary judgment or to decide the merits after a final hearing some months before there might be transfers to the new Chillicothe facility for women offenders. My current appraisal of the evidence heard over several days may, however, provide guidance to the parties of a practical nature and for any further litigation.

The three inmate witnesses offered the most persuasive testimony about the comparison between two-person cells and four-person cells. Prison personnel were cautious and gave little meaningful testimony. The administrative personnel, while apparently experienced, well-motivated and competent, were so removed from in-cell conditions that their testimony was not very helpful. I recognize that the inmates were advocates and inclined to exaggerate somewhat, but they were basically credible and knowledgeable and had little stake in the litigation other than to retain

desirable cell conditions; that is, use of two-person cells, as designed and built currently for the men. If I were in administration I would be inclined, from what has been presented, to conclude that the design for Vandalia was defective and the proposed design for the new facility at Chillicothe is similarly flawed in the basic cell arrangement.

Whether a statutory or constitutional violation has occurred or will occur is somewhat improbable. The possibility should not, however, be shrugged off.

The most favorable testimony for defendants was on the safety issue. I recognize a plausible argument that there is safety in numbers; that is, that a four-person cell gives more opportunity for protection of a prospective victim. Plaintiff's theory that there is _danger_ in numbers would be sound, however, if the victim is outnumbered by hostile people. Also perhaps in conflict with the defense testimony is the failure to use four-person cells as a "protective device" for any group of male prisoners.

On physical and mental health issues (including the interest in a quiet environment), privacy interests, and for purposes of reading and correspondence and the like it would seem that the inmate testimony in favor of two-person cells for long-term use is very persuasive and essentially uncontested. As presented, the current Chillicothe arrangement seems like the ideal layout.

Further initial comment may serve no good purpose. The parties should expect a denial of injunctive relief during the pendency of the litigation and in advance of the completion of the new Chillicothe facility.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

August 17, 2006

Kansas City, Missouri