IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LISA SUTER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 06-4032-CV-W-HFS |
| ) | |
| LARRY CRAWFORD, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the court is plaintiffs' motion to certify as a class action, pursuant to Fed.R.Civ.P. 23. Plaintiffs seek to enjoin defendants[1] from constructing a new correctional facility for women in Chillicothe, Missouri designed to house more than 2 females per room. Plaintiffs claim an equal protection violation pursuant to 42 U.S.C. § 1983; as well as a violation of equal treatment in educational programs pursuant to Title IX of the Civil Rights Act of 1964; and a violation of the Eighth Amendment regarding conditions of confinement.

In seeking class certification, plaintiffs must first show that a class exists, and that the representative parties are members of said class. Dumas v. Albers Medical, Inc., 2005 WL 2172030 *5 (W.D.Mo. 2005)[2]; see also, Bynum v. District of Columbia, 214 F.R.D. 27, 31 (D.D.C. 2003).

---

[1]Defendants in this action include the Missouri Department of Corrections and its Director, Larry Crawford; the Director of Adult Institutions, Terry Moore; and the Superintendent of the Chillicothe Correctional facility, Jennifer Miller.

[2]"[I]dentifying the class insures that those actually harmed by the defendant's conduct will be the recipients of the relief eventually provided." Dumas, at *5; quoting, In re PPA Products Liability Litigation, 214 F.R.D. 614, 617 (W.D.Wash. 2003).

The court in Dumas denied plaintiff's motion seeking class certification because the class was not readily identifiable so that the court could determine who was in the class, and would ultimately be bound by the ruling. Dumas, at *5, *8. Various courts have declined to certify a class based upon the finding that the proposed class is not "ascertainable," not "readily identifiable," or not "administratively manageable." Dumas, at 5; citing, In re Paxil Litigation, 212 F.R.D. 539, 545 (C.D.Cal. 2003) (proposed class was defined in such a way as to make the actual composition of the class only determinable at the conclusion of the proceedings); see also, McElhaney v. Eli Lily & Co., 93 F.R.D. 875, 877-88 (D.S.D. 1982) (denying certification of class of people exposed to DES in the womb due to difficulty for individual class members to show they were exposed to and suffered damages from exposure to DES).

Plaintiffs at bar rely on the language set forth by plaintiffs in the Bynum case.[3] (Supporting Suggestions, pg. 4). The language in Bynum clearly defines the members so that they are readily identifiable and ascertainable. However, here, plaintiffs fail to define the make-up of the proposed class to be certified in either their amended complaint or in the pleadings filed in support of their motion.[4] It could be inferred that the proposed class is to be composed of those plaintiffs added in the second amended complaint, or all inmates of Chillicothe prison, or maybe, inmates currently

---

[3]There, plaintiffs defined the proposed class as consisting of each person who, in the three years preceding the filing of this action, up until the date this case is terminated [ (a) ], has been, is, or will be incarcerated at any Department of Corrections facility, and [ (b) ] who was not released, or, in the future, will not be released [ (I) ] by midnight on the day on which the person is entitled to be released by court order or [ (ii) ] the date on which the basis for his or her detention has otherwise expired. Bynum, at 32.

[4]The reply brief that was rejected as out-of-time (and lacking a motion to permit late filing) does attempt to define the class as current Chillicothe inmates; however, as shown below, that would include opponents of smaller rooms as well as disinterested persons.

housed in Vandalia prison are also to be included; but, the court should not have to guess or surmise. Dumas, at *5 (the requirement that there be a class will not be deemed satisfied unless the class description is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member).[5]

Even more persuasively favoring defendants, perhaps, is the common sense consideration that an uncomplicated injunctive suit will provide all relief that may be appropriate. Plaintiffs offer no reasoned response, or citations contrary, to the argument of defendants that creation of a class is "not needed" where injunctive relief, if entered, "will benefit all members of a possible class." (Brief in Opposition, page 4).[6] Plaintiffs cite the opinion of Judge Ross, in Ihrke v. Northern States Power Co., 459 F.2d 566, 572 (8th Cir. 1972), vacated as moot, 93 S.Ct. 66 (1972), and Judge Gunn's ruling in Women's Health Center v. Webster, 670 F.Supp. 845, 852 (E.D.Mo. 1987). No contrary Circuit rulings are cited, nor do plaintiffs cite any contrary district court opinions from this Circuit.[7] Absent citations or argument by plaintiffs, on this issue, I consider myself bound by the Eighth Circuit ruling in Ihrke.

---

[5] It is further noted that plaintiffs fail to satisfy those factors requiring a showing of typicality and adequacy of representation. Fed.R.Civ.P. 23(a)(2) and (a)(4). For, plaintiffs do not show that their claims or grievances are the same or similar to the class members. Alpern v. Utilicorp United, Inc., 84 F.3d 1525, 1540 (8th Cir. 1996). As testimony revealed, there may very well be a number of inmates who do not seek to enjoin the construction of a facility housing 4 inmates to a cell, finding safety and companionship in numbers. Smith v. Leblanc, 2003 WL 23101806 * 2 (D.Minn. 2003) (the interests of the class representative conflict with class members who, for security reasons, might favor implementation of the rule prohibiting inmates from possessing copies of their Pre-sentence Investigation Reports).

[6] I take it that defendants are equitably bound, by this argument, to confer all appropriate relief if plaintiffs prevail.

[7] I am aware that there is a division of authority on this subject, but also a good deal of support. See, Craft v. Memphis Light, Gas and Water Division et al., 534 F.2d 684, 686 (and citations) (6th Cir. 1976).

3

Accordingly, it is hereby

ORDERED that plaintiffs' motion to certify a class (ECF doc. 49) is DENIED.

        /s/ Howard F. Sachs
        HOWARD F. SACHS
        UNITED STATES DISTRICT JUDGE

January 23, 2007

Kansas City, Missouri