IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

LISA A. SUTER, et al.,            )
                                  )
    Plaintiffs,                   )
                                  )
v.                                )   Case No. 06-4032-CV-C-HFS
                                  )
LARRY CRAWFORD, et al.,           )
                                  )
    Defendants.                   )

**MEMORANDUM AND ORDER**

    Pending before the court are cross-motions for summary judgment (Docs. 159, 165) in this prison litigation challenging the use of four-person cells for women, when most of the male inmates in the Missouri penal system are housed in two-person cells. On November 10, 2008, the court denied plaintiffs' renewed motion for a preliminary injunction (Doc. 185), thus allowing Missouri prison authorities to assign the women to a newly completed facility ("New Chillicothe") where they would be housed in four-person cells, as in the other prison facility for women at Vandalia. Suter v. Crawford, 2008 WL 4866613 (W.D.Mo. Nov. 10, 2008).

    During the weeks since that adverse ruling, there has been no filing complaining of newly encountered occupancy problems, and only one filing by plaintiffs on the summary judgment motions. (Docs. 190 and 191, containing a supplemental report by Dr. Richard Wener, one of plaintiffs' experts). The supplemental report tends to support the court's impression that two-person cells are probably generally superior to four-person cells, from the standpoint of mental health and

safety of inmates.[1] But Dr. Wener's report, even if generally accepted as factually sound, does not alter the court's view, suggested by the November 10 ruling, that four-person cells are not ipso facto violative of the Eighth Amendment. Nothing has been found to change the court's understanding (Doc. 184, page 6) that the State of Missouri uses two-person cells generally for its many male inmates who are in classification 5 (enhanced security risks) but often uses four-person and larger cells for the lower classification male inmates generally. Since the average classification of women inmates is 2 (although there is a mix) the conclusion seems obvious that plaintiffs are unable to establish that there is a policy or practice of gender discrimination between similarly-situated men and women.[2]

As noted in my November 10 ruling, the Eighth Circuit has been quite insistent that discrimination claims in prisoner cases fail unless there is a solid establishment of the "similarly-situated" requirement. Gender-neutral classification differences are thus dispositive. Plaintiffs cannot rely on their own selective choice of the newer male facilities, for comparison purposes, when defendants have, somewhat belatedly, in a September 26 filing on summary judgment, spelled out cell-occupancy and classification information for the entire prison system.

---

[1] I do not consider this a universal rule, however, in that I suppose a two-person cell would be worse when there is an obnoxious or bullying cell mate, and no prospect for relief from additional cell-mates.

[2] Plaintiff Suter is in Classification 5, because of the gravity of her criminal conviction, but her adjustment to prison is apparently satisfactory. Logically she could have some grounds for complaint that she, like other women inmates at Vandalia and in New Chillicothe, are exposed to some high classification women inmates. To the extent high classification inmates pose special security risks for other inmates, arguably she has some basis for complaining that she is worse off than male inmates in Classification 2, housed in multiple-inmate cells. But she cannot fairly claim she is substantially similarly situated with the typical male inmate in Classification 5 prisons, where the presumed risks are universally present. In other words, the "problem inmate" can presumably be more easily handled when the numbers are smaller than when the whole facility is composed of such persons.

A reexamination of the Clements affidavit (Exh. UUU) and the institutional statistics contained in Exhs. H and J, filed in support of Defendant's motion for Summary Judgment (Doc. 159) permits various institutional comparisons. Vandalia (WERDC) which is the target of criticism by plaintiffs as the basic model for New Chillicothe, is most similar in inmate categories with four prisons with large numbers of male inmates also predominantly classified in Category 2: Algoa (ACC), Ozark (OCC), Tipton (TCC) and St. Joseph (WRDCC). None of these male institutions has a predominance of two-inmate cells. 465 of 1521 inmates at Algoa are so favored; none of the 648 inmates at Ozark are in such cells; 4 out of 1158 Tipton inmates enjoy two-person cells; and 302 of 1926 inmates at St. Joseph are so housed. While the number of women at Vandalia in two-person cells is only 39 (out of a total of 2025), if one uses Classification 2 inmates as the test for substantial similarity of characteristics, there is surely no claim of two person cell "entitlement" for the women, to give them housing equality with the men.

The Classification system may have its deficiencies but seems the best currently available to prison authorities for evaluating potentially dangerous personalities and undesirable or harmful cell-mates. But even if one remains skeptical of the Classification system as a predictor of conduct, plaintiffs suffer a failure of proof that the women inmates at Vandalia are substantially like the male inmates housed at essentially two-person cell institutions such as Cameron (CRCC and WMCC), Jefferson City (JCCC) and Pacific (MECC).[3]

It would not be meaningful to add much more than what I wrote on November 10 with respect to the Eighth Amendment and Equal Protection claims. I rely, therefore, on Doc. 184, deleting references to my conclusions as tentative, as was suitable for preliminary injunction

---

[3] An oddity of this case is that plaintiffs' favored facility (Old Chillicothe or CCC) is not particularly dominated by Classification 2 inmates, or even two-person cells.

analysis.

With respect to the Title IX complaint, presented by plaintiff Suter, who testified that she had a difficult time studying while housed at Vandalia some years ago, plaintiffs have not presented enough for me to conclude that they have a submissible case that some of them may have Title IX standing and would necessarily be disadvantaged by being assigned to four-person cells at New Chillicothe. Any individual plaintiff, or other woman inmate for that matter, is free to file a Title IX claim or an Eighth Amendment claim if a factual basis for such a claim should hereafter develop.

Based on the absence of contested material facts, it is therefore ORDERED that defendants' motion for summary judgment (ECF doc. 159) is hereby GRANTED, that plaintiffs' motion for summary judgment (ECF doc. 165) is hereby DENIED, and that judgment in favor of defendants, denying injunctive relief and entitlement to fees and expenses be entered by the Clerk.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

February  18 , 2009

Kansas City, Missouri